SOUTHWICK, P.J., for the Court.
¶ 1. Morris and Deborah Seymour were granted a divorce on the grounds of irreconcilable differences. The Seymours owned a marital home, an electrical business, an office building and four parcels of real estate. The judge in the divorce decree ordered that their properties be sold. Mr. Seymour would retain the electrical business. Mrs. Seymour would receive $50,000 in lump sum alimony to be paid from Mr. Seymour’s share of the property sales.
¶ 2. Mr. Seymour filed a motion to reconsider that posed several questions to the court. Ruling on the motion, the chancellor found that the lump sum alimony was support rather than part of the property settlement. Mr. Seymour appeals, arguing that the judge should not have defined this alimony as support. We find no error and affirm.
DISCUSSION

1. Clarification of lump sum alimony

¶ 3. Mr. Seymour argues that it was beyond the discretion of the trial court to clarify that the lump sum alimony awarded to Ms. Seymour in the divorce decree was for support and not part of the property settlement. He argues that under the rules of civil procedure, the court could not clarify the judgment since more than ten days had passed between the entry of the judgment and the order on post trial motions. M.R.C.P. 59(d).
¶ 4. Mr. Seymour further argues that the court could not use the rule that allows a court to correct clerical mistakes that arise from oversight or omission. M.R.C.P. 60(a). He cites a precedent of this Court that in Mr. Seymour’s own quoted interpretation concludes that a “trial judge can not on his own initiative change his mind and make a new ruling under Rule 60(a).” Edwards v. Roberts, 771 So.2d 378, 386 (Miss.Ct.App.2000) (quote is of Seymour’s analysis in his appellate brief). However, Edwards actually stated that Rule 60(a) cannot be used to reflect a change in mind by the judge; it can only be used to correct an order that failed accurately to reflect the judge’s original decision. Id. It was within the scope of Rule 60(a) for the judge to clarify what his decision in the divorce decree in fact was.
¶ 5. In his motion to reconsider, Mr. Seymour questioned the lump sum alimony. He asked how “did the Court determine the value of Seymour Electrical business to be $100,000 and thereby award Deborah Seymour $50,000 in lump sum alimony?” The court replied in the order:
Regarding Mr. Seymour’s assumption that the court valued the business at $100,000, the court would note that nowhere in the opinion is such a valuation placed upon the business. Rather, the court took into account all the circumstances of the case.... Mr. Seymour further tries to make a connection between the award of lump sum alimony to Mrs. Seymour in the amount of $50,000 to the Court’s perceived valuation of the business at $100,000. There is no such connection. The alimony is a support *1037 payment, not a property division, which the court arrived at by taking into account all the factors which go into making an alimony determination.... The $50,000 lump sum alimony, which is intended as support, and not property division, was based upon all those factors.
Mr. Seymour’s own question to the court made it useful for the judge to explain the amounts set forth in the divorce decree. It was in answering that question that the judge classified the alimony as support, the matter that is now challenged on appeal.
¶ 6. Rule 60(a) may be used on the judge’s own motion as a source of authority, and the chancellor also had the right in responding to Mr. Seymour’s motion, to state that the lump sum alimony was for support. The chancellor stated in a post-trial hearing “If the $50,000 was meant for property settlement, I’d have said property settlement.” He also stated “I’m not changing it. I did not change one thing in this motion.” We find that the chancellor had discretion to explain the meaning of the lump sum alimony awarded to Ms. Seymour in the divorce decree.

2. Dischargeability of alimony

¶ 7. Mr. Seymour contends it was incorrect for the trial court judge to determine that alimony is a nondischargeable debt in bankruptcy in the post-trial hearing. We agree that the determination of whether lump sum alimony is dischargea-ble is left to a United States Bankruptcy Court. To that extent, whatever the chancellor indicated on dischargeability is not controlling.
¶ 8. The purpose of Mr. Seymour’s arguments here is to take the chancellor out of the decision process in bankruptcy proceedings on whether the $50,000 lump sum alimony is dischargeable. The best answer to that complaint is that the chancellor is undisputably outside the bankruptcy decision process. Whatever the bankruptcy rules may be, the chancellor in his initial decision was entitled to award lump sum alimony. In a revised decision, he said that the alimony was for support.
¶ 9. There is nothing extraordinary or nefarious about characterizing any form of alimony as being for support. Lump sum alimony is a final, unmodifiable award of money that at least in part is intended to support the recipient spouse. The Supreme Court has identified four factors needed for assessing the propriety of an award of lump sum alimony, at least two of which directly relate to the need for support: “Where recipient spouse has no separate income or the separate estate is meager by comparison,” and “[wjithout the lump sum award the receiving spouse would lack any financial security.” Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss.1988).
¶ 10. We find no error in procedure or in substantive law in the chancellor’s decision to identify this alimony as being for the purpose of support. What may ultimately occur in bankruptcy court as a result of that label is for the bankruptcy court to decide.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT FOR HARRISON COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.